# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILLIPS,<br><br>        Defendant. | Case No. 1:23-cv-00467-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE (ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Randy Maestas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on March 28, 2023. (ECF No. 1.)

**I.   Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names as the sole defendant Warden Phillips of CSATF.

Plaintiff alleges as follows:

The Warden let Correctional Officer Belt still work after I was attacked on 12-16-22. I am now in a wheelchair. I filed a case with Internal Affairs. Belt has been removed from Cell Block 5. I tried talking to the Warden about 5 times with the Lieutenant but got nowhere. Nothing was done at all, just looked the other way. He still needs some training in what to do in a

case like this. I am afraid for him to be in charge of this prison. He needs help. I tried everything I could do and got nowhere.

The Warden only cares about himself and his pay, nothing else at all. He is a bad Warden and should not be a Warden any more. Again I tried to reach the Warden so I could let him know, but he doesn't care about the safety of the inmates. I have talked to the Feds saying this prison staff and prison should be investigated. We need the Feds to step in right away. This bad cop is going to kill someone or hurt somebody else. The Warden did nothing at all. If he can't do this job, then quit. He's a no good Warden, no help for the prison. We need a Warden that cares and can do the job.

The bad Warden does not know what to do. If he was doing his job, this attack by C/O Belt might not have happened to me, but he did nothing at all. This so-called Warden needs to be looked into. This C/O Belt needs to be fired altogether before he kills someone. He is out of control. So do your job and get rid of him before you are sorry because you did nothing.

I have lower back pain 24 hours a day, 7 days a week. C/O Belt put me in a wheelchair. I'm under doctor's care and went to the hospital twice. I have pain in my lower back and it's hard to walk. If the Warden helped I might not be in a wheelchair. I need help getting around and also filed a lawsuit.

Plaintiff seeks monetary damages and requests that C/O Belt be fired.

### III.    Duplicative Actions[1]

#### A.    *Maestas v. Officer Belt*, Case No. 1:23-cv-00418-HBK

On March 21, 2023, Plaintiff filed *Maestas v. Officer Belt*, Case No. 1:23-cv-00418-HBK ("*Maestas I*"). In *Maestas I*, Plaintiff names as the sole defendant Correctional Officer Belt. The complaint has not yet been screened.

Due to the poor quality of the copy of the complaint filed with the Court in *Maestas I*, it is difficult to read many of the allegations in the complaint. However, it appears that Plaintiff raises claims against Officer Belt for the same December 16, 2022 incident discussed in the instant action. (*See Maestas I* Complaint, ECF No. 1, p. 3.) Plaintiff seeks monetary damages, among

---

[1] The Court takes judicial notice of the files in the following cases. Fed. R. Evid. 201.

2

other relief.

B.     *Maestas v. CSATF Prison*, Case No. 1:23-cv-00419-EPG

On March 21, 2023, Plaintiff filed *Maestas v. CSATF Prison*, Case No. 1:23-cv-00419-EPG ("*Maestas II*"). In *Maestas II*, Plaintiff names as the sole defendant CSATF Prison. The complaint has not yet been screened.

Briefly summarized, Plaintiff alleges in *Maestas II* that the prison did nothing at all about Officer Belt. The prison let Plaintiff get hurt and it is their fault he is in a wheelchair. Plaintiff blames the prison because they did not do their job. Plaintiff wrote to Governor Newsom of California that this place needs to be shut down for good. Plaintiff alleges that people get hurt here, no one knows how to run the prison, and the health system is bad. Officer Belt needs to be fired for good and the other officers don't like him and said they knew something like this would happen.

If the prison got rid of Officer Belt, he would not have attacked Plaintiff on 12-16-23.[2] Plaintiff now has lower back pain and is in a wheelchair. Plaintiff has been in the hospital two times and can't walk on his own now.

Plaintiff seeks help for his time, "help for Officer Belt," help for Plaintiff's cellmate's time, and monetary damages.

B.     **Legal Standard**

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive

---

[2] This date appears to be a clerical error. The Court assumes that Plaintiff intended to write 12-16-22. (*Maestas II* Complaint, ECF No. 1, p. 3; *see also id.* at 5 ("Was violated by Officer Belt on 12-16-22").)

3

1  disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir.
2  2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

3  "[I]n assessing whether the second action is duplicative of the first, we examine whether
4  the causes of action and relief sought, as well as the parties or privies to the action, are the same."
5  *Adams*, 487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two
6  separate actions involving the same subject matter at the same time in the same court and against
7  the same defendant."  *Id.* at 688 (internal quotations and citations omitted).  That plaintiff was
8  denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit.  If the
9  causes of action and relief sought are the same and involve the same parties or their privies, the
10 duplicative lawsuit may be dismissed with prejudice.  *Adams*, 487 F.3d at 688.

11 **C.    Discussion**

12 A review of the complaint in the instant action and the complaints filed in *Maestas I* and
13 *Maestas II* reveals that they raise the same or overlapping claims.  In each case, Plaintiff
14 complains of the December 16, 2022 use of force by Correctional Officer Belt, alleges that the
15 prison and Warden did not prevent the attack, and seeks damages related to his subsequent
16 injuries and wheelchair use.  In the instant action and *Maestas II*, Plaintiff requests that Officer
17 Belt be fired so that he cannot continue to hurt other inmates.

18 Although the full allegations raised in *Maestas I* cannot be readily determined, to the
19 extent Plaintiff seeks damages related to his injuries suffered from the original incident with
20 Officer Belt, those claims are more appropriately raised in *Maestas I*.

21 To the extent that Plaintiff primarily requests that Officer Belt be fired, it appears that this
22 action is duplicative of at least the claims raised in *Maestas II*.  Although this case differs slightly
23 from *Maestas II*, which names CSATF Prison as the sole defendant and raises other types of
24 claims relating to the quality of the food and health care provided at CSATF, the Court finds that
25 *Maestas II* still encompasses all of the same claims, defendant, and relief sought in the instant
26 action.

27 Specifically, the Court notes that to the extent Plaintiff intends to bring claims regarding
28 employment decisions at CSATF or request relief regarding the functioning of the prison itself,

the proper defendant for such injunctive relief is the Warden in his official capacity, not CSATF itself. *See Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity).

However, the proper method of bringing such a claim is not for Plaintiff to file a completely new and separate action against the Warden of CSATF, but instead to file an amended complaint in one of his existing actions, substituting the appropriate defendant. Therefore, the Court finds that this case should be dismissed because it is duplicative of *Maestas I* and *Maestas II*, his earlier filed, currently pending cases.

## IV. Order and Recommendation

Based on the foregoing, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 31, 2023**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE